UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE S. HODGE, ) | CASE NO. C12-5321-JLR-MAT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | RE: SOCIAL SECURITY DISABILITY |
| CAROLYN W. COLVIN[1], ) | APPEAL |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Stephanie S. Hodge proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for further

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for Michael J. Astrue as the defendant in this suit.

REPORT AND RECOMMENDATION
PAGE -1

proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1972.[2] She has a high school education. The Commissioner concedes error in the ALJ's finding that plaintiff's previous employment as a new car delivery driver constituted past relevant work. (AR 21; Dkt. 19 at 21.)

Plaintiff filed an application for DIB and protectively for SSI on September 10, 2008, alleging disability beginning January 1, 2008. (AR 14.) She is insured for DIB through December 31, 2012. Plaintiff's applications were denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On June 21, 2010, ALJ Steve Lynch held a hearing, taking testimony from plaintiff and a vocational expert. (AR 26-48.) On August 17, 2010, the ALJ issued a decision finding plaintiff not disabled. (AR 14-21.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on February 9, 2012 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it

---

2 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's personality disorder and substance abuse in partial remission severe. The ALJ found plaintiff's bipolar disorder and hip and foot pain non-severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform less than the full range of medium work as defined in 20 C.F.R. §§ 404.1657(c) and 416.967(c); able to lift and carry fifty pounds occasionally and twenty five pounds frequently; able to stand, walk, and sit for six out of eight hours; and limited to performing simple, routine tasks, and having no interaction with the public.

With that assessment, the ALJ found plaintiff able to perform her past relevant work as a new car delivery driver. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means

more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to properly evaluate the medical evidence, failed to properly evaluate her testimony, and failed to properly conduct the evaluation of listed impairments at step three. Plaintiff argues the ALJ failed to fully account for all her limitations in the RFC, and erred in finding her able to perform her past relevant work. She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner concedes the ALJ erred in designating the job of new car delivery driver as past relevant work, but disputes plaintiff's remaining assignments of error. The Commissioner agrees the case should be remanded for a new hearing.

Step Two Impairments

At step two, a claimant must make a threshold showing that his medically determinable impairments significantly limit his ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996 (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis

REPORT AND RECOMMENDATION
PAGE -4

screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*.

A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c).

A. <u>Bipolar Disorder</u>

The ALJ did not find plaintiff's bipolar disorder severe, stating:

> This may be an alternate diagnosis of claimant's mental health problems. Treatment records indicate that this impairment is stabilized with medication, and analysis of disability is not changed, whether the analysis is conducted under 12.04 or 12.08 of the listings of the Commissioner. As a result, I find that the claimant's bipolar disorder is a non-severe medically determinable impairment.

(AR 16, citations to record omitted.)

Plaintiff argues the ALJ's analysis is "fundamentally flawed," noting the ALJ's failure to acknowledge the diagnosis of this condition by her treating providers at Columbia River Mental Health. The ALJ, however, acknowledged that plaintiff had been diagnosed with this condition. Rather, the ALJ found the condition not severe, that is, not significantly affecting plaintiff's ability to perform basic work activities. Plaintiff fails to show any evidence to the contrary, or to explain any additional impact the condition would have in combination with other severe impairments.

B. <u>Intermittent Bilateral Sacroiliac Discomfort and Foot Pain</u>

Likewise, plaintiff fails to show any limitations resulting from the intermittent bilateral

REPORT AND RECOMMENDATION
PAGE -5

sacroiliac discomfort and foot pain listed as a diagnosis by consulting examiner Dr. Ramsthel. (AR 321.) As noted by the Commissioner, plaintiff did not seek any treatment for these conditions, and the ALJ appropriately deemed the conditions not severe.

Plaintiff, in short, fails to set forth any evidence supporting her assertion that her bipolar disorder, intermittent bilateral sacroiliac discomfort, or foot pain were severe impairments, or to otherwise demonstrate error in the ALJ's step two decision.

<u>Step Three</u>

At step three of the sequential evaluation, the ALJ must consider whether the claimant's impairments meet or equal one of the impairments in the "Listing of Impairments" set forth in Appendix 1 to 20 C.F.R. Part 404, Subpart P. "In evaluating a claimant with more than one impairment, the Commissioner must consider 'whether the combination of your impairments is medically equal to any listed impairment.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995). Plaintiff bears the burden of proving the existence of impairments meeting or equaling a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Here, the ALJ found that plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listing 12.08 ("Personality Disorders") or 12.09 ("Substance Addiction Disorders"). 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.08, 12.09. Specifically, the ALJ found plaintiff's impairments did not satisfy the requirement of severe or marked limitations in at least two of the following: activities of daily living; social functioning; concentration, persistence or pace; or extended episodes of decompensation. (AR 17.) The ALJ also noted the analysis of disability would not change if plaintiff's mental disorders were considered at listing 12.04 ("Affective Disorders") instead of

12.08.

Plaintiff does not dispute the ALJ's conclusion that her impairments do not meet the listing requirements for 12.08 or 12.09. Instead, she argues the ALJ should have considered her listing under 12.04, which, unlike listing 12.08, includes "C paragraph" criteria. The Court, however, finds plaintiff's argument unavailing.

For an impairment to meet the listing requirement of 12.04, the claimant must either meet the B paragraph criteria or the C paragraph criteria. The B criteria for listing 12.04 is the same as listing 12.08. The ALJ found plaintiff's impairment did not meet the B criteria and plaintiff does not dispute this finding. The C criteria for listing 12.04 requires:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medical or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; **or**
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, **or**
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04 (emphasis added).

Although plaintiff asserts that she meets the C criteria of Listing 12.04, she fails to explain how the medical evidence shows she is so marginally adjusted as a result of her mental disorders that even a minimal change in mental demands or environment would cause her to decompensate. While asserting she has cited "four pages of records from Columbia River

Mental Health as well as the evaluations by Dr. Moore and Dr. Sekiya which would support such a finding" (Dkt. 20 at 11), plaintiff leaves the Court to guess what specific evidence in those pages of documents support her argument that she meets the stringent criteria of the listing.  The Court's review of the records does not reveal any evidence that would support such a finding.

The Court finds no error in the ALJ's step three findings.   At any rate, if plaintiff feels the medical evidence supports a presumptive finding of disability at step three, she is free to present such evidence to the ALJ on remand.

## Medical Opinion Evidence

Plaintiff's assignment of error to the ALJ's evaluation of the medical opinion evidence is similarly deficient – she catalogues bits and pieces of medical records not mentioned by the ALJ, providing no explanation or argument as to why the omissions had any bearing on the ALJ's ultimate finding.

A.   Records from Columbia River Mental Health "and Other Treating Sources"

Plaintiff argues the ALJ erred by failing to discuss "any" of the medical evidence from Columbia River Mental Health (CRMH). (Dkt. 12 at 8.) [3] To the contrary, as plaintiff apparently acknowledges in her reply brief (Dkt. 20 at 5-6), the ALJ referred to records from CRMH throughout the decision.  (*See, e.g.,* AR 16 (citing AR 306, 319); AR 18 (citing AR 170-73, 202-38); AR 19 (citing AR 202-38, 306, 319); AR 20 (citing AR 306-07).)   The ALJ also considered the opinions of doctors who themselves discussed CRMH's records.  (*See,*

---

[3] It is unclear which other providers plaintiff asserts were overlooked by the use of the term "other treating sources."

01  *e.g.,* AR 19-20 (citing AR 243, 248, 366).)

02  B.     Lawrence H. Moore, Ph.D.

03       The ALJ gave "significant weight" to the opinion of examining psychologist Lawrence H. Moore. (AR 19.) Plaintiff argues the ALJ failed to state a reason for rejecting Dr. Moore's opinion that she had sedation possibly related to her medication.

06       As the Commissioner notes, plaintiff's mental status examination conducted by Dr. Moore was within normal limits. The MMPI-2 revealed a "highly invalid profile" in which plaintiff "appeared to over-exaggerate and amplify the nature of her psychiatric condition." (AR 245.) Dr. Moore found possible malingering, but did not reach a formal diagnosis of such. (*Id.*) Dr. Moore noted that plaintiff appeared "notably sedated and lethargic", questioning whether she was over-medicated or taking her medication at inappropriate dosages, and recommended a review of her medication regime. (AR 245-46.) In other words, Dr. Moore's report does not support the assessment of a restriction on driving due to plaintiff's medication; rather, Dr. Moore felt her medication dosages should be adjusted if she was experiencing these side effects. The ALJ correctly noted that the medication would not be a *per se* prohibition on any driving jobs other than as a semi-truck driver, a job the ALJ did not find plaintiff could perform. (AR 18.) The ALJ took into account plaintiff's personality disorder and her reported sedating side effects in finding her restricted from working with the public and limited to performing simple, routine tasks. (AR 20.)

20       The Court does not find error in the ALJ's consideration of Dr. Moore's opinions.

21  C.     Utako Sekiya, M.D.

22       The ALJ gave "little weight" to the opinion of evaluating psychiatrist Dr. Sekiya, who

REPORT AND RECOMMENDATION
PAGE -9

found plaintiff incapable of performing any tasks or work activity on a consistent basis due to "her severe anger problem and relapse into cannabis abuse." (AR 19.) The ALJ noted that Dr. Sekiya "did not have the benefit of reviewing other medical reports that indicate the claimant's symptoms are controlled with medication[,]" finding Dr. Sekiya's assessment based primarily on plaintiff's presentation during the evaluation while under the influence of marijuana. Because plaintiff testified her marijuana use was only occasional, the ALJ concluded plaintiff's presentation to Dr. Sekiya under the influence of marijuana was not her normal state, and did not rely on Dr. Sekiya's conclusions. (AR 19, 31, 251.)

Plaintiff disputes the ALJ's assessment of Dr. Sekiya's opinion as based primarily on plaintiff being under the influence during the evaluation. Plaintiff also contends it was not legitimate for the ALJ to rely on the fact that Dr. Sekiya did not review later medical reports.

The Court finds no error in the ALJ's assessment of Dr. Sekiya's opinions. The regulations specifically provide that the extent to which a medical evaluator is familiar with the other information in the claimant's case record is a relevant factor in deciding the weight to be given to a medical opinion. 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). Furthermore, a review of Dr. Sekiya's report clearly indicates the impact of plaintiff's cannabis intoxication on her presentation during the examination. (AR 248 ("She appears to be under the influence of this substance, not consistently being able to be attentive enough to this interview."; AR 249 ("She has noticeably decreased concentration and attention… She appears to be under the influence of Cannabis with mild to moderate psychomotor retardation… Her affect is inattentive and blunted.")) The ALJ, therefore, reasonably gave little weight to the assessment based on plaintiff's presentation under the influence of marijuana.

D.  Todd Bowerly, Ph.D.

Dr. Bowerly also conducted a psychological evaluation of claimant. (AR 366-72.) He opined that plaintiff demonstrated adequate understanding, reasoning, persistence, attention/concentration, memory, social interaction skills, and adaptation abilities. Dr. Bowerly indicated plaintiff "may have some mild social difficulties due to personality factors, but presents as appropriate and describes herself as currently stable on medications." (AR 372.) The ALJ gave significant weight to Dr. Bowerly's opinion of plaintiff's mental abilities. (AR 19-20.)

Plaintiff contends Dr. Bowerly based his opinion on incomplete records, and argues the ALJ erred by failing to acknowledge this. Specifically, plaintiff's contention is that Dr. Bowerly did not specify which records from CRMH he reviewed, and made no mention of Dr. Sekiya's report. Plaintiff concludes that either the ALJ chose to not provide complete records to Dr. Bowerly, or the doctor did not review all the records he received.

Plaintiff's contention that records were either "accidentally or intentionally withheld from Dr. Bowerly" (Dkt. 20 at 7) is based on a lack of mention of the records in Dr. Bowerly's report. However, plaintiff fails to specify which findings or opinions from either Dr. Sekiya or providers at CRMH were ignored, or to explain how Dr. Bowerly's opinions would have changed if the documents had been considered.

There is no requirement that an examiner list or even discuss every document in the claimant's medical record. Even if it can be shown that an examiner overlooked or was not provided certain records, plaintiff bears the burden of showing any such omissions were prejudicial. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("'[T]he burden of showing

that an error is harmful normally falls upon the party attacking the agency's determination.'") (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).   Plaintiff fails to persuade this Court that the ALJ erred in evaluating Dr. Bowerly's opinions.

E.      Donald D. Ramsthel, M.D.

Dr. Ramsthel conducted a consultative physical evaluation of plaintiff.  (AR 321-25.) He assessed "significant mental issues," as well as "some bilateral sacroiliac discomfort, intermittently" and "some intermittent pains in her feet", plus tobacco abuse and homelessness. (AR 324.)

The ALJ gave limited weight to Dr. Ramsthel's RFC assessment limiting plaintiff to essentially light exertional work.  The ALJ noted that plaintiff reported having no medical treatment for her hip or foot pain, drawing the conclusion that plaintiff's symptoms are not severe and would not have more than a minimal effect on her ability to perform work.  The ALJ found Dr. Ramsthel's RFC limitations not consistent with the medical record.

Plaintiff contends these reasons are not legitimate, arguing Dr. Ramsthel based his opinion on "his objective findings of tenderness to palpation over both SI areas and absent Achilles reflexes bilaterally." (Dkt. 12 at 16.)   Dr. Ramsthel himself, however, did not draw this conclusion.   While the doctor noted plaintiff's reported tenderness to palpation over both SI (sacroiliac) areas, he also noted the absence of tenderness to palpation in her feet.  (AR 324.)  Deep tendon reflexes were all 1+, with the exception of the absent Achilles reflex bilaterally.  (*Id*.)   These findings are simply noted – Dr. Ramsthel does not indicate that they are significant, or connect them to plaintiff's reported problems.   (*Id*.)

An ALJ may properly assign less weight to a physician's opinion that is inconsistent

REPORT AND RECOMMENDATION
PAGE -12

with the medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Likewise, the ALJ is entitled to draw inferences logically flowing from the evidence. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (cited sources omitted). An ALJ may permissibly infer that a claimant's pain is not as disabling as alleged in light of the claimant's failure to seek treatment for an allegedly disabling condition. *Tommasetti,* 553 F.3d at 1039. The ALJ, in sum, properly considered Dr. Ramsthel's opinions.

F.   <u>Steven T. Haney, M.D.</u>

Dr. Haney completed a Mental RFC Assessment [MRFCA] and Psychiatric Review Technique form. (AR 252-68.) Plaintiff argues the ALJ erred by failing to include certain limitations endorsed by Dr. Haney, although she mischaracterizes these moderate limitations as "marked." (AR 252-53; Dkt. 12 at 16.) In fact, Dr. Haney later characterizes the interference of these limitations on plaintiff's ability to maintain work as minimal. (AR 254.)

Furthermore, as the Commissioner notes, the opinions cited by plaintiff appear in the "Summary Conclusions" portion of Dr. Haney's report, which the ALJ is not required to consider. *See* Program Operations Manual System (POMS) DI 25020.010 at B.1 ("The purpose of section I . . . on the [MRFCA] is chiefly to have a worksheet to ensure that the psychiatrist or psychologist has considered each of these pertinent mental activities and the claimant's or beneficiary's degree of limitation for sustaining these activities over a normal workday and workweek on an ongoing, appropriate, and independent basis. It is the narrative written by the psychiatrist or psychologist in section III . . . of [the MRFCA] that adjudicators

are to use as the assessment of RFC.")[4]  Plaintiff, for these reasons, fails to establish error in the ALJ's consideration of the opinions of Dr. Haney.

### Credibility

The ALJ did not credit plaintiff's testimony that she was unable to work due to bipolar disorder, anxiety, and depression. (AR 18.) Rather, the ALJ found plaintiff's mental health symptoms to be well controlled when she is not abusing alcohol or drugs and taking her medications as prescribed. (AR 20.) Plaintiff argues the ALJ failed to properly evaluate her testimony regarding her symptoms and limitations, arguing none of the reasons given by the ALJ are specific, clear, or convincing.

First, plaintiff argues the ALJ's failure to properly evaluate the medical evidence tainted his evaluation of her testimony. However, as set forth above, the Court finds no error in the consideration of the medical evidence. The effectiveness of a claimant's medication to alleviate symptoms is a relevant factor to be considered by the ALJ. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). Conditions that can be controlled effectively with medication are not considered disabling. *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff also argues the ALJ erred in considering her "long history of success as a driver" (AR 20), because the medical records indicate she is unable to return to her work as a truck driver. However, the ALJ did not find plaintiff able to work as a truck driver, noting the prescription medications would prevent her from driving tractor-trailer units. (AR 18.)

---

[4] Although the POMS "does not have the force of law" it "is persuasive authority." *Warre v. Commissioner of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).

Rather, the ALJ found plaintiff able to perform work as a new car delivery driver, a finding which is the subject of a stipulated remand, as discussed below. The Commissioner concedes the ALJ erred in concluding plaintiff's past work as a car driver met the requirements of SGA. (Dkt. 19 at 21.) However, any error as it applies to the credibility assessment is harmless, since the ALJ provided another valid reason for discounting plaintiff's subjective complaints. *Molina*, 674 F.3d at 1115 ("an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate decision'") (cited sources omitted).

Plaintiff does not establish error in the ALJ's consideration of her credibility.

### Residual Functional Capacity

At step four, the ALJ must identify the claimant's functional limitations or restrictions, and assess his or her work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of claimant's impairments, including those that are not severe, in determining RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p.

Plaintiff's argument that the ALJ erred in assessing her RFC is derivative of her other assignments of error. As the Court finds no error in the ALJ's assessment of the medical evidence or plaintiff's credibility, this assignment of error also fails.

### Assessment of Ability to Perform Past Relevant Work

The Commissioner concedes error at step four, agreeing the ALJ's finding that plaintiff had past relevant work as a new car delivery driver lacks the support of substantial evidence.

(Dkt. 19 at 21.) Plaintiff's performance of this work for only one month in July 2007 was of insufficient duration to constitute SGA, as she earned less than the relevant SGA threshold of $900. 20 C.F.R. §§ 404.1560(b)(1), 404.1574, 416.960(b)(1), 416.974. (AR 116, 123.)

Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). *See also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1167 (9th Cir. 2008) (remanding for further proceedings where ALJ erred in evaluating past relevant work at step four, directing ALJ to proceed to step five if necessary). Here, the Court concludes further administrative proceedings would be useful.

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for further administrative proceedings.

DATED this 25th day of March, 2013.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge